JAMES MULCHEY *vs.* METHODIST RELIGIOUS SOCIETY & others.

Suffolk.     Nov. 20, 1877. — Oct. 17, 1878.     COLT & LORD, JJ., absent.

In an action of tort against a religious society and against A. and B., its agents, for personal injuries occasioned to the plaintiff by the fall of a staging, upon which he was standing while engaged in painting the ceiling of a church belonging to the society, it appeared that A. and B., acting as a committee and as the authorized agents of the society, made a contract with C., in whose employ the plaintiff was, to paint the whole of the inside of the church building for a gross sum, and not subject to the direction or control of the defendants, except as to the quality of the work and the time within which it was to be performed; that the society undertook to erect and remove the staging to be used by C., and, acting through the same agents, employed D., a carpenter and builder of their own selection, by a contract for a gross sum, and not subject to the direction or control of the defendants, to erect and remove the staging and to supply all the material and labor required for that purpose; and that C. did not and could not know, from the appearance or from examination of the staging, whether it was or was not strong enough for his workmen to go upon to paint the church. There was no evidence that the defendants took any part in erecting the staging, or in directing its erection, beyond making the contract with D.; or that they at any time made any inspection of the staging; or that they were guilty of any negligence in employing D. to erect it. *Held,* that the society, through its authorized agents, had accepted and used the staging, and had in effect invited and induced C. and his workmen to come upon it to paint the church, and was liable to the plaintiff for an injury from the dangerous condition of the staging which was not apparent to him and which was caused by negligence in its construction. *Held, also,* that the society and its agents could not be sued jointly in this action.

GRAY, C. J.   This is an action of tort, brought against a religious society and against Barber and Sleeper, to recover for injuries suffered by the plaintiff by reason of the fall of a staging upon which he was standing while engaged in painting the ceiling of a church belonging to the society.

By a contract made by the society, acting through Barber and Sleeper as its committee and authorized agents, with Needham, in whose employ the plaintiff was, the society employed Needham to paint the whole of the inside of the building, for a gross sum, and not subject to the direction or control of the defendants, except as to the quality of the work and the time within which it was to be performed; and the society undertook to erect and remove the staging to be used by the painters.

The society, acting through the same committee, employed Curtis, a carpenter and builder of their own selection, by a con

tract for a gross sum, and not subject to the direction or control of the defendants, to erect and remove the staging and supply all the materials and labor required for this purpose.

There was evidence tending to show that Needham did not and could not know, from the appearance or from examination of the staging, whether it was or was not strong enough for his workmen to go upon to paint the church. There was no evidence that the defendants took any part in erecting the staging, or in directing its erection, beyond making the contract with Curtis; or that they at any time made any inspection of the staging; or that they were guilty of any negligence in employing Curtis to erect it. The sole ground upon which the plaintiff seeks to recover is, that the staging erected by Curtis was insufficient.

The defendants requested the judge to instruct the jury that if Curtis was employed by an entire contract, for a gross sum and in an independent operation, and not subject to the direction and control of his employers, he was not the defendants' servant, and they were not responsible for his negligence or for that of persons employed by him; and that in this action of tort, in the nature of an action on the case, the only ground of claim against the society arose from the fact that Barber and Sleeper were its authorized agents to have the work done of painting the church; and that the party injured by the act or negligence of the agents, there being no evidence of any action of the principal other than the acts of the agents, might elect to sue either, but could not maintain an action against both jointly.

The judge declined to give the instruction requested; and instructed the jury that, inasmuch as the defendants assumed the duty of furnishing this staging upon which this work was to be done by Needham and his workmen, they undertook to furnish a safe staging for the purpose, and it made no difference to the plaintiff in this case whether they did it by letting out the job to a contractor or by employing persons to do the work by the day; that they agreed to furnish a staging, had a staging built, and offered that staging to Needham to work upon as a suitable staging, and if it was defective in its construction in any such way or degree as to show that it was not built with that measure of prudence and care which a prudent man would exercise in

building such a staging in such a place and for such a purpose, and if in consequence of such negligent construction the plaintiff was hurt, he was entitled to recover ; and that the verdict, if for the plaintiff, should be against all the defendants. The jury returned a verdict against all the defendants, and they alleged exceptions.

The plaintiff, not being employed, controlled or paid by the defendants, would seem not to be their servant so that they would be liable for his acts, or their liability to him be governed by the rules applicable as between master and servant. *Johnson* v. *Boston*, 118 Mass. 114. The defendants might not be liable for an injury occasioned by the negligence of the contractor, Curtis, or his servants, in the course of building the staging and before its completion. *Hilliard* v. *Richardson*, 3 Gray, 349. *Forsyth* v. *Hooper*, 11 Allen, 419. *Conners* v. *Hennessey*, 112 Mass. 96. But after it had been completed by the contractor, and accepted by the society, the society would be liable if through negligence in its construction it had fallen upon and injured the property of another. *Gorham* v. *Gross*, *ante*, 232.

In the present case, the society, through its authorized agents, had accepted and used the staging, and had in effect invited and induced Needham and his workmen to come upon it to paint the church, and was liable to any of them who suffered injury from the dangerous condition of the staging which was not apparent to them and which was caused by negligence in its construction. *Elliott* v. *Pray*, 10 Allen, 378. *Gilbert* v. *Nagle*, 118 Mass. 278. *Pickard* v. *Smith*, 10 C. B. (N. S.) 470. *Indermaur* v. *Dames*, L. R. 1 C. P. 274, and L. R. 2 C. P. 311. *Holmes* v. *Northeastern Railway*, L. R. 4 Ex. 254. *Coughtry* v. *Globe Woollen Co.* 56 N. Y. 124.

But the jury should have been instructed, as requested by the defendants, that this action, being in the nature of an action on the case, could not be sustained against both the society and its agents. If there was any negligence in the agents, Barber and Sleeper, for which they could be held liable, their principal, the society, would be responsible, not as if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be neither in fact, nor in

legal intendment, the joint act of the principal and of the agents, and therefore both could not be jointly sued. It is not like the case of a wilful injury done by an agent by the command or authority of his principal, in which both are in law principal trespassers and therefore liable jointly. *Parsons* v. *Winchell*, 5 Cush. 592. *Hewett* v. *Swift*, 3 Allen, 420. *Holmes* v. *Wake-field*, 12 Allen, 580. The plaintiff's counsel having suggested at the argument that, if the court should be of this opinion, the plaintiff would move to discontinue as against Barber and Sleeper, it is ordered that such discontinuance be entered, and thereupon the                                      *Exceptions overruled.*

*H. W. Paine & C. F. Choate*, for the defendants.

*G. A. Somerby*, for the plaintiff.