VICTOR JOHNSON *vs.* OTIS ELEVATOR COMPANY.

Middlesex.   January 9, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence,* Employer's liability.   *Practice, Civil,* Verdict.

A contractor, who is putting elevators in a building and has not undertaken to construct the stagings to be used by his workmen but only to furnish suitable materials out of which the workmen may construct stagings for themselves, is not liable at common law for injuries to one of his workmen from falling down an elevator well by reason of the tipping up of a temporary movable staging on which the workman was standing, if the accident was due to the careless adjustment or improper construction of the temporary staging which was made and adjusted by the fellow employees of the workman.

In an action for personal injuries by a workman against his employer, in which the plaintiff was allowed to go to the jury on a count at common law and on a count under the employers' liability act alleging negligence of a superintendent, the jury returned a general verdict for the plaintiff in the sum of $8,000. It was argued for the plaintiff, that, even if there was no liability at common law, the plaintiff might be allowed to retain this verdict to the amount of $4,000. It having been decided by this court that there was no evidence warranting the submission of the case to the jury on the common law count but that there was evidence to be submitted to the jury on the count under the statute, it was *held,* that from the amount of the damages it was manifest that the verdict of the jury was based on the count at common law, and that accordingly it could not stand and there must be a new trial on the count under the statute.

TORT for personal injuries sustained on February 5, 1909, while the plaintiff was in the employ of the defendant engaged in assisting in work upon an elevator well in a building then in process of construction on Washington Street in Boston, from the tipping up of a staging on which the plaintiff was working.   Writ dated March 15, 1909.

In the Superior Court the case was tried before *King,* J.   The facts which could have been found upon the evidence are stated in the opinion.   It was admitted by the defendant that one McDonald, mentioned in the opinion, was a superintendent within the meaning of the employers' liability act, and that notice of the time, place and cause of the injury was given in accordance with the provisions of that act.

The judge refused to rule that on all the evidence the plaintiff

could not recover. The declaration as amended contained five counts, of which the first was at common law, alleging negligence in failing to keep the staging in a safe or proper condition, and the third was under the employers' liability act, alleging negligence of a superintendent or of a person acting as superintendent. The fourth and fifth counts were waived and the judge ruled that the plaintiff could not recover on the second count, which was for a defect in the ways, works or machinery of the defendant. He left the case to the jury upon the first and third counts, except so much of the third count as related to the negligence of a person acting as superintendent in the absence of the superintendent. The jury returned a verdict for the plaintiff in the sum of $8,000; and the defendant alleged exceptions.

In regard to the defendant's liability on the third count it was argued for the plaintiff before this court, that, even if the defendant was not liable at common law, the plaintiff might be allowed to retain his verdict under Rule 40 of the Superior Court up to the amount of $4,000. See R. L. c. 106, § 74 (St. 1909, c. 514, § 131).

*J. Lowell & J. A. Lowell,* for the defendant.

*R. G. Dodge,* (*F. W. Johnson* with him,) for the plaintiff.

HAMMOND, J. While the plaintiff, as an employee of the defendant, was engaged in the construction of an elevator well in a building then in process of erection, the staging upon which he was standing tipped and he was precipitated from the eighth or ninth floor to the basement and seriously injured.

The staging, of the type commonly called "Jacob's Ladder," was suspended in the well and was moved vertically from floor to floor as occasion required. It consisted of two joists, hereinafter called foundation joists, running at an angle with the floors of about forty-five degrees and resting at their upper ends against the vertical wall forming the back of the well, and at their lower ends upon the beam which formed the edge of the floor in front of the well. Near the lower ends of these joists were fastened uprights which supported one end of a horizontal platform formed of ledger and other boards, the other end of the platform resting on the upper ends of the foundation joists. To prevent the stage from slipping on the floor a piece of board about a foot long and three or four inches wide was nailed to the side of each foundation joist near the foot, projecting below the joist four or five inches

and forming what is called a "crow's foot." The stage was supported at one end by the back wall of the well, and at the other end by the impact of the "crow's feet" with the edge of the floor in front of the well. A rope was attached to the centre of the platform and was carried over a pulley at the top of the well, so that the stage could be raised or lowered. It is manifest that so long as the lower ends of the foundation joists were firmly kept from slipping the stage was held and could not tip, but that if by reason of any defect in the construction or placing of the crow's feet the foundation joists should slip over on to the floor, then the upper ends of the foundation joists no longer supported by the wall might fall and the stage tip. When the stage was in position, the platform upon which the men stood while using it was only a few feet from the level of the floor next above that against which the feet of the foundation joists were braced, and the platform was approached from this upper floor by the men.

The plaintiff testified that on the morning of the accident he and two fellow workmen went to work drilling holes in the rear wall of the well for the insertion of supports for some brackets which were to be placed there. He testified that he thought that at that time the stage was at the eleventh or "top" floor. After he had been at work about two hours and a half, during which time the stage had been lowered at least one story, suddenly, while he and one of his fellow servants were standing upon that part of the platform which was close to the rear wall, the platform tipped. As to the manner of the accident a fellow workman who was on the platform with the plaintiff testified: "All I know happened is that the staging slipped out on the floor, the [foundation] joists slid out, which tipped the platform so as to drop us all down." It appeared that immediately after the accident the wall ends of the foundation joists were found pointed downwards and the front ends were tipped up against the top of the elevator doorway which was situated at the floor where the feet had been fastened.

It was evident that the feet of the foundation joists had slid out on to the floor, but whether this was because the crow's feet were imperfectly constructed, or whether being properly constructed they were carelessly placed, did not appear. There was evidence that, commonly but not always, a cross bar longer than the width of the elevator doors is nailed across the feet of the foun-

dation joists so that even if the joists should slip they could not slip far enough to lose their support by the rear wall. And the plaintiff contended that in view of the great danger to the men which was likely to happen from a slipping of the feet of these joists, due care required the adoption of this expedient. There is no doubt that upon the evidence the jury might properly find that the omission of the cross bar was negligence.

But even if it be assumed that due care required such a bar and further that the accident was due to its absence, there is still one fatal objection to the plaintiff's case so far as it rests upon the count at common law. There is no evidence that the defendant was answerable at common law. The general work upon this building in which the defendant was engaged was the construction of four elevators. It is plain upon the evidence that the defendant was not expected and did not undertake to construct the staging. It was to furnish the materials suitable for the purpose and the employees were to do the rest. There was no evidence of any want of suitable material, nor is there any claim that the defendant did not furnish lumber enough for the needed cross bar. This very stage was made by the fellow employees of the plaintiff one of whom, McKane, was on the stage at the time it slipped. It was a comparatively simple contrivance. The evidence did not warrant a finding that it was a completed appliance about which as such the defendant was answerable for due care. Whether the accident was due to an improper adjustment or construction of the crow's feet or to the lack of a cross bar, in either event the negligence was not that of the employer but of a fellow servant, for which at common law the defendant is not answerable to the plaintiff. And that is so whether or not the plaintiff himself actually helped to build the stage, or saw it before it was placed in position for use. So far as respects the count at common law the case must be classed with *Kelley* v. *Norcross*, 121 Mass. 508; *Colton* v. *Richards*, 123 Mass. 484; *Killea* v. *Faxon*, 125 Mass. 485; *Nichols* v. *Boston & Maine Railroad*, 206 Mass. 463, and similar cases.

But there was evidence to be submitted to the jury on the third count which was based upon the alleged negligence of McDonald. He ordered the plaintiff to go upon the staging, and the question whether it was a negligent order under the circumstances was for

the jury.  See *Arkerson* v. *Dennison*, 117 Mass. 407; *Feeney* v. *York Manuf. Co.* 189 Mass. 336, and cases cited.

From the amount of the damages named in the verdict it is manifest that the verdict of the jury is based upon the first count. That verdict cannot stand.  The second of the defendant's requests * should have been given.

*Exceptions sustained.*

---

* This was a request for a ruling that the plaintiff could not recover on the first count.