·FREDERICK BLOHM *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 16, 1915. — May 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.

In an action by a painter, against a corporation employing him to do outside work, for personal injuries caused by the fall of a staging on which he was set at work to paint window frames of a building of the defendant by a sub-foreman of the defendant whose duty it was to set the painters at work and look after them, where there is evidence that the staging was defective because the cross pieces by which the staging had been fastened to the window sills had been unfastened for some purpose and that the cross piece at the window toward which the plaintiff was going and at the place where he fell had remained unfastened or had been nailed insecurely and that this defect would have been discovered by a reasonable inspection, the question of the defendant's negligence is for the jury.

In the case above stated it appeared that before and at the time of the accident workmen on the inside of the building, who were employed by an independent contractor, were engaged in throwing lumber through the window to the ground, but there was no evidence that any of the lumber struck the cross piece or even the staging itself, and it was *held* that, if it could be inferred from circumstantial evidence that the cause of the accident "might have been the throwing of planks out of the window against the cross piece," yet it would be a question for the jury whether they would draw this inference or would find that the defendant's negligence in leaving the cross piece unfastened or insufficiently fastened was the cause.

TORT for personal injuries sustained on May 6, 1910, when the plaintiff was in the employ of the defendant as a painter on outside work, by reason of the breaking of a staging upon which the plaintiff had been directed to stand.   Writ dated January 5, 1911.

The second count of the declaration as amended, which is referred to in the opinion, alleged that it was the duty of the defendant to furnish the plaintiff with suitable and proper ways and appliances for the proper prosecution of his work as such employee and to keep such ways and appliances in repair and proper condition; that the defendant negligently failed to furnish such proper ways and appliances and to keep them in repair and proper condition; whereby the plaintiff while in such employ and while in the exercise of due care was injured permanently.

The defendant's answer contained a general denial, and also alleged that any claim of the plaintiff against the defendant had been satisfied in full by the payment of the sum of $200, whereupon the plaintiff had executed a release under seal, of which a copy was annexed.

In the Superior Court the case was tried before *Stevens*, J. At the close of the plaintiff's evidence, which is described in the opinion, the defendant relied on a release under seal purporting to have been signed by the plaintiff by his mark, and offered no evidence on the other issues. The judge then refused to order a verdict for the defendant and submitted to the jury the questions whether or not the plaintiff signed the release, and, if so, whether he comprehended what he was doing. The judge also submitted to the jury the assessment of damages. The jury answered the questions pertaining to the release in the negative, and assessed the damages in the sum of $12,500. Thereupon the judge ordered a verdict for the defendant, making the following statement: "It appeared to me that the cause of the accident might have been the throwing of planks out of the window against the cross piece or putlock,* which was done by employees of an independent contractor."

The judge reported the case for determination by this court, with the stipulation that, if the ordering of the verdict was right, judgment should be entered for the defendant; but that, if there was evidence on which the jury properly might have returned a verdict for the plaintiff, judgment should be entered for the plaintiff in the sum of $12,500.

---

* The New English Dictionary gives "putlock" as appearing to have been an earlier form of "putlog" and states that its derivation is obscure.

*J. F. Warren,* for the plaintiff.

*E. I. Taylor,* for the defendant.

BRALEY, J. The negative answer of the jury having disposed of the defence that the action was barred by the release and the plaintiff's due care being conceded, the only question on the report is whether there was any evidence that his injuries were caused by the defendant's negligence. The plaintiff was employed by the defendant as a painter on outside work and the evidence was undisputed, that on the morning of the day of the accident he was directed by his sub-foreman, whose duty it was to set the painters at work and to look after them, to go upon the staging and paint the windows of the defendant's building in process of construction. It was the defendant's duty, at common law under which the action is brought, to provide the plaintiff in the performance of his work with reasonably safe appliances, and to maintain them in a reasonably safe condition. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 178, 179, and cases cited. And the employer cannot relieve himself from liability by delegating the performance of this duty to competent employees even if he provides them with suitable materials. *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198, 204, 205. *Twomey* v. *Swift,* 163 Mass. 273. *Perry* v. *Webster Co.* 216 Mass. 147. If, however, the workmen within the scope of their employment erect the staging for themselves as the work proceeds, the employer, where he has provided proper materials, is not liable to an injured fellow workman if the staging is defective and unsafe. *Brady* v. *Norcross,* 172 Mass. 331, 333, and cases there collected. *Granara* v. *Jacobs,* 212 Mass. 271, 274. But a staging in position furnished by the employer is a structure or appliance within our decisions for which, if defective and unsuitable, he is responsible. *Arkerson* v. *Dennison,* 117 Mass. 407. *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131, 139. *Feeney* v. *York Manuf. Co.* 189 Mass. 336, 339. *Johnson* v. *Otis Elevator Co.* 211 Mass. 504.

It is apparent that the painting could not have gone on without using the staging, and there is no evidence that the painters were to build their own stagings from materials supplied by the defendant or that they were to use a staging already built by other

'mechanics employed in different branches of the work.   The defendant offered no evidence and the jury, under the second count of the declaration as amended, by the uncontradicted testimony of the sub-foreman, that the staging was in place before he came on the "job" and that before setting the men at work he obeyed the instructions given him by going over the staging to ascertain whether it was well secured and properly put up, would have been warranted, in finding that the defendant originally had provided or had accepted for its own use the staging here in question. *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487.   *D'Almeida* v. *Boott Mills,* 209 Mass. 81, 86, and cases cited.   The jury further could find that the plaintiff while performing his work in the usual way must pass over this staging from the windows he had painted to the next unpainted window, and that as he was passing the staging suddenly gave way, throwing him to the ground, causing severe and permanent injuries.

If the accident arose from a defect in the staging which could have been guarded against by the exercise of reasonable diligence, the plaintiff is entitled to damages.   *Arkerson* v. *Dennison,* 117 Mass. 407.   *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487.   *Twomey* v. *Swift,* 163 Mass. 273.   *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131.   What could the jury have found on all the evidence?   The construction was simple.   The uprights were held in position by braces or ledgerboards from which cross pieces or putlocks extended to the building resting on the window sills.   The jury as matter of common knowledge, as well as from the evidence of the sub-foreman, could have found that, unless the cross pieces were fastened in some way to the window sills or side of the building, the staging was insecure, and that if an unfastened cross piece gave way the planks were liable to tilt and drop.   While it was undisputed that workmen followed the painters, placing copper on the window sills, and that to do this work properly the cross pieces would have to be removed and replaced, the evidence failed to show that copper had been affixed to the sill where the cross piece went 'down, and the sub-foreman testified that when he made his examination the staging apparently was well secured, although he did not remember whether all the cross pieces were nailed to the sills, and that he did not look at every one of them.   It also could have been found

from his description of the accident, that the cross piece at the window to which the plaintiff was going and at the place where he fell, "was nowheres to be seen" after the planks supporting the plaintiff went down. The jury properly could infer and find, that no copper had been placed on this sill, that the cross piece remained either unfastened or insecurely nailed, whereby the staging was rendered weak and insecure, and that if reasonable diligence had been used the defect would have been discovered and remedied.

The plaintiff therefore had made out a case on the pleadings and evidence for the jury, and a verdict for the defendant should not have been ordered, unless it conclusively appears, as the trial judge ruled, "that the cause of the accident might have been the throwing of planks out of the window against the cross piece or putlock, which was done by the employees of an independent contractor." It is unquestioned that the workmen on the inside of the building employed by an independent contractor were engaged in throwing lumber through the window to the ground. A careful examination of the record, however, fails to show that any of the lumber struck the cross piece or even the staging itself. If this assumption then must rest wholly on circumstantial probability, yet the plaintiff still had the right to have the jury determine the question of the actual cause if more than one inference properly could be drawn. *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168. *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537. *Donovan* v. *Chase Shawmut Co.* 201 Mass. 357. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 182.

The ruling having been erroneous, the plaintiff is to have judgment for the amount stipulated.

*So ordered.*