CRAMP & COMPANY, RESPONDENTS, v. EDWARD DOUGHTY AND JOHN F. NOTLEY, TRADING AS DOUGHTY & NOTLEY, ET AL., APPELLANTS.

Argued March 9, 1916—Decided June 19, 1916.

1. The plaintiff and defendants entered into a contract in which defendants agreed to excavate sufficient sand for the building of the foundation of a large hotel at an agreed price per cubic foot. After removing several thousand yards of sand the defendants abandoned the work, and in an action against them for breach of their contract defended upon the ground that as plaintiff required, and they had performed, work in addition to that called for by the contract without plaintiffs producing a written order as required by the contract, if any alteration was made in the work, the plaintiff had thereby abrogated the contract and justified their refusal to further perform. It appeared that the additional sand excavated amounted to only twenty-eight cubic yards. *Held*, that such additional work was not an alteration within the meaning of the contract and that the absence of the order was not, in such case, a good defence.
2. Under our Practice act plaintiff may join in one action a claim for breach of a contract with one for breach of the condition of a bond, given by defendants with surety, in guaranty of performance of the contract.

3. The penalty named in a surety bond is the extent of the obligors' liability in an action on such bond, but the giving of a bond to indemnify a party against loss arising from non-performance of a contract, does not, in an action on the contract for its non-performance, limit the recovery in that action to the penalty of the bond. The bond indemnifies to the extent of its penalty but is no limitation of the amount to be recovered in a separate action for breach of the original contract.

On appeal from the Supreme Court, Cumberland County Circuit.

For the appellants, *David R. Rose* and *Robert H. McCarter.*

For the respondents, *Walter H. Bacon.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff having contracted with the owner for the erection of the Hotel Traymore, at Atlantic City, sub-let the necessary excavation for foundations and cellar to the defendants, the terms and conditions being committed to a writing signed by both parties bearing date August 4th, 1914, in which defendants agreed to do all the required excavation of every kind, back-filling, shoring, sheet piling and pumping of water, in accordance with the specifications contained in the principal contract between the plaintiff and the owner, the work to be done under the direction of the architects whose construction of the meaning of plans and specifications should be final. It was also agreed that no alterations should "be made in the work except upon written order of the contractor; the amount to be paid by the contractor, or allowed by the subcontractor by virtue of such alterations, to be stated in said order," and if the price could not be agreed upon by the parties, the work should go on and the amount be determined by arbitration. The compensation was to be forty cents per cubic yard, the material to be excavated was, principally, ocean beach sand; water was reached when the excavation was brought to, approximately the level of the ocean, and the extent of the excavation shown by the plans.

The contract provided for a bond of $3,000 to guarantee the performance of the contract, which was given by defendants with "Globe Indemnity Company" as surety. On October 17th, 1914, the defendants gave plaintiff this notice, "We find that we are unable to complete the excavation work at the Traymore Hotel for which we have a contract with you, and hereby give you notice of the same." A copy of this was sent to the surety company, and it notified plaintiff that it did not elect to complete the contract. Thereafter plaintiff finished the excavation, according to defendants' contract, at an excess cost of $19,212.44 and brought this suit, declaring against the subcontractors for the excess cost, crediting on it the penalty of the bond, and against them and the surety on the bond. The judgment is against the subcontractors for the amount found by the trial court, a jury being waived, to be due for excess cost, less the penalty of the bond, and against them and the surety for the penalty of the bond, from which the two subcontractors appeal. The surety company does not appeal.

The principal defence set up by the appellants is that they were directed to excavate to a greater depth than the plans called for, and owing to the peculiar character of the work, which required the exclusion of water, the increased depth enhanced the proportionate cost so that forty cents per cubic yard was not a fair compensation for the increased depth, and that such work was not within the contemplation of the parties, nor provided for by the contract without a written order from the contractor, and therefore they were justified in abandoning its performance, and also that the right of recovery is limited to the penalty of the bond. Whether it was proper practice to credit the amount of the indemnity, secured by the bond, against the total excess cost, rather than enter judgment for full amount of such cost leaving the judgment on the bond as indemnity, we are not required to determine as the form of the judgment is not questioned in that respect.

The appellants' objections will be considered in the order stated in their brief, the first of which is, the refusal of the

trial court to find, as requested, as a matter of law, that "to entitle plaintiff to recover from defendants, Doughty & Notley, it must produce a written order signed by the architects, and acceded to by Doughty & Notley, stating the amount to be allowed or to be deducted for alterations in the work, or prove a waiver of such order, or prove that defendants fraudulently lured plaintiff into making such alterations." There was a second request similar in form, except that plaintiff must produce an order of the principal contractor, instead of one of the architects. It is admitted that no such order was produced and the argument is, that in not producing such order the plaintiff abrogated the contract and defendants are therefore relieved from performance. If this argument has any merit, its application depends upon there being alterations in the work which required such an order, within the meaning of the contract.

The defendants excavated several thousand yards of sand before they abandoned the contract, and the trial court found that the actual excess excavation performed over that called for by the plans, was twenty-eight cubic yards. There is evidence to justify this finding and as we are not dealing with the weight of the evidence, we must assume that the net result of additional work done was but twenty-eight cubic yards, an amount we think too insignificant to call an alteration requiring a written order. In addition to this if defendants were entitled to such an order for alterations, and none was given, that did not justify their refusal to do the work contracted for, that they were bound to do even if they had the right to refuse additional work without a written order. What they did was to abandon the work altogether, and refuse performance of the residue of the work required by their contract. The form of the requests indicate that they were based upon an excerpt from the opinion in *Sheyer* v. *Pinkerton*, 59 *Atl. Rep.* 462, cited in *Landstra* v. *Bunn*, 81 *N. J. L.* 680, not applicable to this case. In those cases the suit was for work claimed to have been done in excess of the contract which required a written order, and contained a condition that no

work would be recognized as beyond the contract unless done in pursuance of a written order.

We held in Landstra *v.* Bunn that the mere performance of extra service without such written authority did not give rise to an implied waiver of the provisions of the contract. But no such question arises in the present case. If the additional work was an alteration and work not provided for in the contract, the subcontractors could, if they were right, have refused to do the work without an order, but the request to perform without it, would not abrogate the contract, nor relieve the contractor from the performance of what was not an alteration. There was no reason why appellants could not go to the depth called for by the plans and refuse to go further without the order.

The next point is, that there was no evidence to justify the finding that such additional work was not burdensome. There was testimony that it was not, and we cannot consider its weight on this appeal.

The last point argued is, that the defendants having furnished a bond for $3,000 their entire liability is limited to that amount, and a number of cases are cited holding that in a suit on a bond the penalty is the extent to which the judgment may go. *Camden* v. *Ward,* 67 *N. J. L.* 558, and cases there referred to. The rule in that and kindred cases does not conflict with this judgment, for the judgment on the bond is limited to the penalty, and under our present Practice act a plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact, and arise out of the same transaction. *Pamph. L.* 1912, *p.* 377, § 6.

In the present case the plaintiff had two causes of action arising out of the same transaction, one for damages for a breach of a contract, and another on the bond given in guaranty of its performance. The breach of the contract by the defendants was a question common to both cases—they arose out of the same transaction. There can be no doubt of the right of the plaintiff to proceed against defendants for a breach of their contract, and also to enforce its indemnity

under the condition of the bond in a separate action, and if so, plaintiff has the right, under the statute, to join the two causes in one action.

No error appearing in this record, the judgment should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.