EDWARD F. DAVIS, RESPONDENT, v. MORRIS L. GRONER, APPELLANT.

Submitted March 26, 1923—Decided April 27, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This action was brought to recover compensation for personal injuries received by the plaintiff, who was run down by an automobile of the defendant, Groner, which was being driven by his chauffeur, one Kryor. The present suit is against the employer and employe, and the trial resulted in a verdict against both of them. From the judgment entered on that verdict the defendant, Groner, appeals; and the only ground upon which we are asked to reverse is that the trial court refused to charge the jury that they could not find a verdict against both defendants, but that, if they found for the plaintiff, they must find a single verdict against one defendant. The court not only refused to charge the request, but charged the law to be directly the contrary.

"We find no error in either the refusal to charge or in the actual instruction. In the case of *Whalen* v. *Pennsylvania Railroad Co.,* 73 *N. J. L.* 192, we held that, 'So far as this court is concerned, the rule is settled that where the injury is caused by the negligence of an agent acting in the line of his employment the action may be joint against such agent and his principal, or may be separate against either.' The course pursued by the trial court, which is made the subject of present complaint, was entirely justified by the decision just referred to and is controlling upon us.

"As this is the only point involved in the appeal, the judgment will be affirmed."

For the appellant, *Coult & Woodruff.*

For the respondent, *Heine, Bostwick & Bradner.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

KALISCH, J. (concurring). I concur in the result reached by the court below, but not in the reasoning of its opinion. This is an appeal from a judgment of the Supreme Court affirming a judgment entered in the Essex County Circuit Court on a verdict against two defendants, who were sued jointly by the plaintiff to recover damages for injuries which he sustained through the negligence of the defendant Kryor, who was the servant of the defendant-appellant, Groner. The defendant Kryor has not appealed. The plaintiff alleged in his complaint that the defendant Kryor, being the agent and in the employ of the defendant, Groner, while proceeding in and about the business of the latter carelessly and negligently operated the latter's automobile so as to cause it to run into and strike the plaintiff, &c., and for the injuries sustained by him he claimed damages from both, each or either of them.

Each of the defendants filed an answer in which each denied the negligence charged, but admitted that Groner was the owner of the automobile and that Kryor was operating it at the time of the accident in and about Groner's business. Groner was not present at the time of the accident.

There are two grounds of appeal, both involving a single and the same question. The first ground stated is, that the court charged the jury that "if the jury should find for the plaintiff they should find a verdict against both defendants," and the second, that the court refused to charge "the jury in this case cannot find a judgment against both defendants, but if they find for the plaintiff, must find a single verdict against one defendant."

On behalf of the appellant it is argued that this was prejudicial error, in that there cannot be a joint judgment against master and servant in an action at law when the injury is alleged to have been the result of negligence on part

of the servant and not the result of a command or direction of the master, and when no negligent act or omission of the master contributed to it, but when the servant is liable because of his negligence and the master liable solely because of the employment.

It is true that at common law a joinder of master and servant was not permissible, where the master's responsibility grew solely out of the relationship.

There can be no doubt that in an action upon the case, at common law, as this would have been before the adoption of the new Practice act, for a tort committed by a servant in the scope of his employment in the absence and without the express or implied consent of his master, the master and servant could not be properly joined to answer for such tort. See *Parsons* v. *Winchell,* 5 *Cush.* 592, where the leading cases at common law on the subject are collated.

The basis of the common law rule is that there being no co-operation by the master in the tortious act of his servant, and since the liability of the master is predicated solely upon the doctrine of *respondeat superior,* there is a separate and distinct ground of liability, incongruous with any theory of his being a joint tort-feasor with his servant. Besides, in the circumstances mentioned, the action at common law against the servant is one of trespass (*Waldron* v. *Hopper,* 1 *N. J. L.* 339), while against the master the action is upon the case, predicated upon a liability growing out of the relationship of master and servant.

The Supreme Court based its decision in the present case upon *Whalen* v. *Pennsylvania Railroad Co.,* 73 *N. J. L.* 192, where it was held by that court that the rule is settled that where the injury is caused by the negligence of an agent acting in the line of his employment, the action may be joint against such agent and a principal or may be separate against either, and the court very properly followed the precedent established in the case relied on. The case of *Whalen* v. *Pennsylvania Railroad Co., supra,* in turn, relied on *Brokaw* v. *North Jersey Railroad Co.,* 32 *Id.* 328, 333, and

*Newman* v. *Fowler,* 37 *Id.* 89, 90, as enunciating the true legal rule, and it is there intimated that this court in *Peterson* v. *Middlesex and Somerset Traction Co.,* 71 *Id.* 296, approved of the rule laid down in the Whalen case.

The *Brokaw case, supra,* however, not only does not support the rule in the Whalen case, but lays down the contrary rule. In the *Brokaw case* (at *p.* 333) Mr. Justice Depew said: "The second ground of demurrer is that William Campbell is joined as a defendant with the New Jersey Railroad and Transportation Company. The joinder is proper, for, in trespass, all the actors are principals and may be joined in one suit; an individual and a corporation may be joined as defendants in the same suit. 1 *Vin. Abr. Abatement 2, p.* 32; *Bro. Corp. Pl.* 24.

"Both defendants are charged as principals and it does not appear that Campbell was the servant of the company, and if it did the joinder would still be proper. A joint action of tort, in the nature of trespass, may be maintained against a corporation and its servants for a personal injury inflicted by the latter in discharging the duties imposed on him by the corporation."

In *Newman* v. *Fowler, supra,* the action arose out of a building contract, in that the contractor furnished defective workmanship and materials, the defendant sued, being the architect employed by the plaintiff to oversee the work. The action being brought against the architect, presumably a point was made that the plaintiff should have joined the contractor. Chief Justice Beasley, in discussing that phase of the case (at *p.* 90), said: "Thus where an injury is caused by the negligence of an agent, acting in the line of his employment, the action may be joint against such agent and his principal, or may be separate against either. *Phelps* v. *Wait,* 30 *N. Y.* 78; *Wright* v. *Wilcox,* 19 *Wend.* 343."

In the former case the judge who delivered the opinion relied on *Wright* v. *Wilcox,* in which Judge Cowen said (at *p.* 344) that in a strict case of negligence he saw no reason why an action will not lie against both jointly. "They are

both guilty of the same negligence at the same time and under the same circumstances; the servant in fact and the master constructively, by the servant, his agent."

While this may be a proper practical stricture to make upon the common law rule it cannot serve the purpose of establishing that such was the rule at common law.

The logical answer to this, founded upon a legal basis, is to be found in the case of *Mulchey* v. *Methodist Religious Society,* 125 *Mass.* 487, in an opinion by Chief Justice Gray, who (at *p.* 489) said: "If there was any negligence in the agents, Barber and Sleeper, for which they would be held liable, their principal, the society, would be responsible; not if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be neither in fact, nor in legal intendment the joint act of the principal and of the agents, and therefore both could not be jointly sued. It is not like the case of a willful injury done by an agent by the command or authority of his principal, in which both are in law principal trespassers and therefore liable jointly."

Nor does the case of *Peterson* v. *Middlesex and Somerville Traction Co., supra,* lend any sanction to the soundness of the rule enunciated in the Whalen case. What was decided in the former case was that a joint judgment against two defendants is an entirety—indivisible—and on a writ of error sued out by one of the defendants must be reversed *in toto* where error is shown. While it is true that in the traction company case master and servants were sued jointly, the observation, firstly, is inescapable that the action was one which was trespass at common law and therefore falls within the rule of the Brokaw case, namely, that trespassers are principals and may be sued jointly or severally and, secondly, the question as to whether or not the defendants were properly joined does not appear to have been argued or decided.

But it is an idle task to pursue this discussion any further, since the new Practice act of 1912 has in many respects revolutionized common law procedure.

.Section 6 of the Practice act of 1912 (*Supp. Comp. Stat. 1911-1915, p.* 1204), among other things, provides: "The plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions."

It needs no argument to demonstrate that the causes of action joined in the present case against the several defendants arose out of the same transaction and have not only a common question of fact, but of law also; therefore the parties were properly joined under the statute.

For this reason the judgment of the Supreme Court affirming the judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.