LLOYD G. BEATTY, RECEIVER OF JERSEY MUTUAL CASUALTY INSURANCE COMPANY, PLAINTIFF, v. LINCOLN BUS COMPANY, A CORPORATION, BERNARD ACKERMAN AND JOHN ADUBATO, DEFENDANTS.

Decided November 23, 1933.

Before Justice PARKER, at chambers.

For the plaintiff, *Israel B. Greene.*

For the defendants, *William Newman.*

PARKER, J. The objection to the complaint is that separate causes of action are joined therein as against several defendants sued severally and not jointly; which is the fact.

Plaintiff is the receiver of a mutual insurance company of this state and, as such receiver, claims to be entitled to collect the whole or unpaid part of a large number of assessments made by direction of the Court of Chancery against parties who had insured with the company, among whom are the three defendants. See *Lincoln Bus Co.* v. *Jersey Mutual Casualty Insurance Co.*, 112 *N. J. Eq.* 538; 165 *Atl. Rep.* 112. The motion to strike, tantamount to a demurrer, admits for present purposes the truth of plaintiff's claim. It is plain that except as to the amount, the claims against the three defendants are identical in character, namely, the liability to assessment *pro rata* to meet claims against the company. There is, therefore, a joint question of law and I think of fact also. Of course, any defendant may have a defense that is personal to himself, as for example, infancy, or duress, or fraud in procurement, and so on. But these are defenses: the various causes of action are on the face of the complaint substantially identical as to amounts claimed.

It is conceded, and is clear, that at common law, a separate action against each defendant would be necessary. The situation is analogous to that under a Lloyd's insurance policy, wherein several individual underwriters insure, each for a specified part of the risk. In such case the insured sustaining a loss would sue each of them for his individual liability based on the amount he had underwritten. 2 *Chit. Pl.* 178. Even under the modern English practice this seems to be still the rule. See forms in *Bull. & L.* 202, &c. A recent New York case is to the same effect. *Fish* v. *Vanderlip,* 112 *N. E. Rep.* 425; 218 *N. Y.* 29.

But our Practice act of 1912, though based on the late English practice ordinances, seems even more liberal than they. *Pamph. L.* 1912, *p.* 377. The second paragraph of section 6 provides that "the plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions." Section 1 says the act "shall be liberally construed, to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties." Paragraph (b) of the rule 211 construes the word "transactions."

It has been said above that the three claims herein involved have a common question of law and fact, viz., the individual liability of each defendant to *pro rata* assessment, the insolvency and the assessment on the several policyholders in the administration of the receivership. I think they also arose out of the same series of transactions, namely, the underwriting of risks by the company, for which risks the defendants became obligated according to the terms of their policies and the by-laws and statutes applicable.

As has likewise been said, any defendant may set up any defense to which he is entitled, either common to all or peculiar to himself. But that is not the determinative test. It is settled, and is now common practice, to join master and servant as defendants in an accident case, as in *Davis* v. *Groner,* 98 *N. J. L.* 873, 878; 121 *Atl. Rep.* 446, although the master might deny the relation, or plead deviation from the employment. Similarly in *Cramp* v. *Doughty,* 89 *N. J. L.* 288; 98 *Atl. Rep.* 260, a surety was joined with the principal in a contract case, as the question of breach of the contract was common to both cases and although it was open to the surety to plead any or all the special defenses, releases and the like, open to sureties in such cases. In the Black Tom cases (*Metropolitan Casualty Insurance Co.* v. *Lehigh Valley Railroad Co.,* 94 *N. J. L.* 236; 109 *Atl. Rep.* 743, twelve plaintiffs joined, each in his or its own right, in one action for damages growing out of an explosion; and the clause "transaction or series of transactions" was held to cover the alleged acts of negligence.

On the trial of this present multiple action, the evidence on the plaintiff's case against every defendant would be the same except as to the issue and acceptance of the several policies. It may well be that one or more defendants might present special defenses justifying a severance for trial, but that could readily be accomplished under rule 108. However, looking at the face of this complaint, it seems plainly to present a case within section 6. Only three defendants are before me, but the statute places no limit on the number that might be joined on the same theory.

The motion to strike out the complaint is denied, but without costs, as the particular point is new in this state and it was manifestly proper to raise it.