HILMA A. DAHLGREN *vs.* MARTIN VAN BUREN COE & another.

Worcester.    February 4, 1942. — February 24, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Negligence*, Hot water; Employer's liability: warning, hot water; Contributory.

Evidence of the circumstances in which a laundress, employed in a dwelling house one day each week by one not insured under the workmen's compensation act, was burned by steam and hot water discharged upon her from a hose leading to a washing machine due to water therein being heated to an excessive temperature without her being warned thereof warranted a finding of negligence on the part of her employer, and did not require a finding of contributory negligence on her part.

TORT.   Writ in the Superior Court dated August 24, 1938.

The case was tried before *Burns,* J. The declaration was in five counts. The trial judge ordered verdicts for both defendants on all counts excepting the third, which is described in the opinion, and for the defendant wife on that count. The bill of exceptions, which included exceptions by both the plaintiff and the defendant, stated no exception by the plaintiff to the ordering of a verdict for the wife on that count. There was a verdict for the plaintiff on that count against the husband in the sum of $640. Both the plaintiff and the defendant husband alleged exceptions, the plaintiff stipulating that she would waive her exceptions if the exceptions of the defendant husband were overruled.

The plaintiff in her declaration alleged that the defendants were not insured under the workmen's compensation act. She testified that she "was hired for every Monday" and that her "duties were to wash the family washing and iron it, and clean the whole house." Thus apparently contributory negligence, alleged in the answer, was open as a defence under § 67 of the act.

*F. P. McKeon,* for the defendants.

*C. W. Proctor,* for the plaintiff.

Ronan, J. The plaintiff, a laundress employed at the home of the defendants, who are husband and wife, recovered a verdict against the husband (herein called the defendant) on a count alleging that she was burned while in the performance of her duties by steam and hot water, furnished by the defendants, on account of their failure to warn her that the water supplied by them for her use was heated to an excessive temperature. The defendant excepted to the denial of his motion to direct a verdict for him on that count. The plaintiff excepted to the court's directing a verdict for the defendants on the remaining counts of her declaration.

There was evidence that the plaintiff, who had been employed a day a week during the four or five preceding weeks, arrived at the defendants' home on the morning of December 22, 1936, and was admitted by Mrs. Coe. She was engaged in her duties for at least one half an hour when she

prepared to fill the washing machine with hot water by using a hose which ran from a hot water faucet. This machine was in the laundry which was located in the basement. She put one end of the hose into the washing machine, holding it with one hand, and turned on the water with her other hand. Steam and hot water were emitted from the hose and she attempted to shut off the water, but the faucet was too hot to permit her to do so. She stepped a few feet from the machine to get a cloth to use in shutting off the water, when the hose, which had been shaking since the water and steam entered it, jumped in such a manner that water and steam were discharged upon her, resulting in a severe burn. According to the testimony, Mrs. Coe had used the hot water in the kitchen that morning before the plaintiff arrived. She noticed the temperature of the water which was hot just as it always was, and while she knew that the plaintiff was going to use the water, she did not give her any warning about the temperature of the water. The water was heated by an automatic heater. An expert testified that the hot water furnished by this system would be at the same temperature at each hot water faucet after the cold water between the faucet and the boiler was withdrawn. Notwithstanding the testimony of the defendant's wife, that the water was no hotter than usual, the jury upon all the evidence could find that the water had been heated to an excessive temperature, that Mrs. Coe knew it, that she had a seasonable opportunity of warning the plaintiff of this fact but negligently failed to do so, and that in consequence of her negligence while acting as agent of her husband the plaintiff was injured. *Bagley* v. *Wonderland Co.* 205 Mass. 238. *Gettins* v. *Kelley,* 212 Mass. 171. *Perry* v. *Webster Co.* 216 Mass. 147. *Dooley* v. *Sullivan,* 218 Mass. 597. *Thompson* v. *United Laboratories Co.* 221 Mass. 276. *Blohm* v. *Boston Elevated Railway,* 221 Mass. 390. *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230. *Manning* v. *Prouty,* 260 Mass. 399. *Watkins* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 448. Am. Law Inst. Restatement: Agency, §§ 471, 510.

The judge ruled, without exception, that the plaintiff was the employee of the husband, and not of the wife. The ruling became the law of the trial. *Goldstein* v. *Slutsky*, 254 Mass. 501. *Button* v. *Crowley*, 284 Mass. 308. Consequently, there was no error in directing a verdict for the wife. The husband concedes that she was his agent. The plaintiff could not join the principal and agent in an action that she contended was due to the negligence of the agent. *Popkin* v. *Goldman*, 266 Mass. 531. *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362.

The judge could not rule as matter of law that the affirmative defence of contributory negligence had been proved. The jury could find that the plaintiff was not negligent in failing to anticipate that steam and excessively hot water would be discharged from the hose, and, when suddenly confronted with a dangerous situation, in the efforts she made to shut off the water. *Smith* v. *Edison Electric Illuminating Co.* 198 Mass. 330. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227. *Foley* v. *J. R. Whipple Co.* 214 Mass. 499. *Burnham* v. *Boston & Maine Railroad*, 227 Mass. 422, 425. *Parsons* v. *Dwightstate Co.* 301 Mass. 324.

*Defendant's exceptions overruled.*
*Plaintiff's exceptions waived.*