JOHN FALICKI, FRANK LACKI, IGNACY KWIATKOWSKI, LOUIS STRUPEZEWSKI, MICHAEL RANCICK AND HENRY KWIATKOWSKI, PLAINTIFFS-APPELLEES. v. CAMDEN COUNTY BEVERAGE COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Argued February 3, 1944—Decided May 15, 1944.

For the defendant-appellant, *Starr, Summerill & Lloyd* and *Samuel P. Orlando* (*Frank T. Lloyd, Jr.*, of counsel).

For plaintiffs-appellees, *Edward J. Inglesby* and *William F. Quinlan* (of the Pennsylvania bar).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Supreme Court in favor of the appellee, Henry Kwiatkowski, against the appellant, Camden County Beverage Company.

On July 29th, 1942, about 4:45 P. M., appellee and four other men were riding as passengers in a Packard sedan owned and operated by Frank Lacki, from the plant of the New York Ship Building Company in Camden County, where they were all employed, en route to Philadelphia where they lived. The Packard car was proceeding northerly along Fourth Street, Camden. Fourth Street is an asphalt surfaced road about thirty-three feet in width and has a crown. It was raining and the streets were slippery. When the Packard car had reached a point about half way between Jackson Street and Lansdowne Avenue, a truck belonging to appellant and operated by one of its employees, coming south on Fourth Street collided with the Packard car, resulting in damage to both vehicles and personal injuries to the six occupants of the Packard car. Frank Lacki brought suit in the Supreme Court against the appellant for injuries to himself and damages to his car. The five passengers, including appellee, sued for compensation for personal injuries, all alleged to have been caused by the negligent operation of the truck by appellant. An answer was filed by appellant denying that the collision was caused by its negligence and alleging that the

paintiffs were guilty of contributory negligence, and setting up a counter-claim against the plaintiff Frank Lacki, alleging that his negligent operation of his Packard sedan was the cause of the collision and as a result thereof appellant's truck was damaged and it was deprived of the use thereof for a long period of time.

The cases were tried together before the late Judge Palmer and a jury at the Camden Circuit and resulted in verdicts for all the plaintiffs against the appellant and a dismissal of appellant's counter-claim against Lacki. All the judgments entered on these verdicts were paid with the exception of the judgment in favor of the appellee. A rule to show cause was granted in his case based on the question of damages only and reserving exceptions. This rule was subsequently discharged and appellant thereupon took this appeal.

Both appellant and appellee say that there is but one question before this court on appeal; namely, "Was the trial court justified in taking away from the jury the right to determine the contributory negligence of the appellee."

The matter is presented here on exceptions to the court's charge which took the defense of contributory negligence on the part of the appellee and the other four passengers out of the case.

In support of these exceptions appellant cites in its brief three paragraphs from the court's charge. It will suffice to set forth the first only of these paragraphs, which, quoted in full, is as follows:

"Now, the defendant presents two defenses to this suit. First, it says that its driver was not negligent, and secondly, that the driver of the other car, Frank Lacki, was guilty of what we call contributory negligence. Our law provides that where one by his own negligence has contributed to his injury in such a way that but for his own negligence the injury would not have occurred, that person cannot recover. Now, that rule with regard to contributory negligence has application in this case only so far as the plaintiff Frank Lacki is concerned. As to the other plaintiffs, I say to you that they were passengers in this car, and as passengers were only bound to exercise that degree of care, precaution and vigilance

required of a reasonably prudent passenger; and I say further that I recall no testimony in this case that would justify a conclusion on your part that there was any failure on the part of the passengers to exercise the degree of care required of them as passengers; so that this rule, so far as contributory negligence is concerned, applies only so far as the claim of Frank Lacki against the defendant is concerned."

The above and other portions of the court's charge leave no doubt that the jury was precluded from considering whether appellee and the other passengers could be found guilty of contributory negligence under the law and facts of the case.

A brief resume of the testimony is deemed advisable.

The plaintiffs' witnesses testified generally to the effect that shortly prior to the accident the Packard car was proceeding at about eighteen to twenty miles an hour in a northerly direction along Fourth Street about three feet away from the right or easterly side of the curb; that Frank Lacki, the driver, was driving carefully and looking ahead; that when about 200 to 250 feet away he saw the appellant's truck coming at about forty miles per hour down the middle of Fourth Street in a southerly direction, and when the truck reached a point about twenty-five to thirty feet from the Packard car, it suddenly, and without warning, swerved to its left or easterly side of the street and crashed into the right side of the Packard, which had almost come to a stop about two feet from and parallel to the east curb of Fourth Street; that after the collision was over, both cars were on the easterly side of the street, the Packard about three or four feet distant from the curb facing north; that the left front wheel of the truck was up over the curb, that the right front wheel was on top of the hood of the Packard car; and that both cars were damaged on their right sides; that there was broken glass on the easterly side of the street near the curb and none elsewhere in the street; all of which, appellee says, proved that the collision was caused solely by the appellant's negligent operation of its truck.

The defendant's witnesses, on the other hand, testified generally to the effect that the traffic coming north along

Fourth Street was heavy at about the time of the accident and that the Packard car was in a line of three cars all proceeding rapidly northerly and the appellant's truck, which just before the accident had been traveling carefully in a southerly direction on its right or westerly side of the street, turned to its left toward the center of the street to pass a car parked on the westerly side thereof and was suddenly confronted with the Packard car, which had swung to its left out of the line of traffic and without warning dashed from behind the left of another car into the center of the street and ran head-on into the truck, the momentum of the two cars carrying them both over to the easterly side of the street. Appellant argues from these facts that it clearly appears that the accident happened not by reason of the negligence of its truck driver but by reason of the negligence of Lacki, but that even if appellant were negligent, Lacki was guilty of contributory negligence in the way he operated his car, and that appellee, who sat in the middle of the front seat next to Lacki, where he was in a position to see the oncoming truck, was also guilty of contributory negligence in failing to warn Lacki of the approaching danger—or at least the jury could so find.

The applicable law is clear. "The test to be applied by the trial judge is, whether negligence may be reasonably inferred from the testimony [citing cases]. If none, there is no case to go to a jury * * *. It is elementary. that negligence is a fact which must be shown. It will not be presumed. [Citing cases.]

"As to contributory negligence: The rule formulated and applied in many cases by this court is stated, thus. to preclude the plaintiff from maintaining the action his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the act of the defendant." (Citing cases.) *Donus* v. *Public Service Railway Co.,* 102 *N. J. L.* 644. "Contributory negligence is a defense and the burden of establishing it rests upon the defendant." *Osbun* v. *DeYoung,* 99 *N. J. L.* 204, citing *New Jersey Express Co.* v. *Nichols,* 33 *Id.* 434. In *Wassmer*

v. *Public Service Electric and Gas Co.,* 122 *Id.* 367 (at *p.* 375), this court said:

"* * * In the absence of any relationship which gives a passenger control over the driver of a car there is no obligation on a passenger, if and when he sees danger, to command the driver to stop or to hurry. 'The rule is that * * * the passenger is bound to exercise such care for his own safety as the exigencies of the situation require.' *Tobish v. Cohen,* 110 *N. J. L.* 296. But a duty to assume direction of the operation of the car and attempt to tell the driver how to avoid danger could not be inferred from the circumstances of this case. We think it was error to instruct the jury that it might find the passengers in Wassmer's car guilty of contributory negligence because of their failure to instruct Wassmer to stop or to hurry across the intersection."

In the absence of any facts or circumstances indicating the contrary, a passenger of an automobile "need not anticipate that the driver, who had exclusive control and management of the vehicle, will enter a sphere of danger, omit to exercise proper care, to observe the approach of other vehicles or fail to keep the speed of the vehicle within proper limits or otherwise improperly increase the common risks of travel," *Tobish v. Cohen, supra, citing* 45 *Corp. Jur.* 1016.

In the instant case, as in the Tobish case, there was no evidence of anything which appellee could have seen, heard, said or done, which would have avoided the accident.

The trial court in submitting to the jury the question of Lacki's contributory negligence made it very plain that even if the truck driver was guilty of negligence, Lacki could not recover if he was guilty of contributory negligence. The jury found a verdict in favor of Lacki, which was tantamount to a finding of fact that Lacki was free of negligence and an acceptance of Lacki's version of the happening of the accident.

In support of his contention that the question of appellee's contributory negligence should have been submitted to the jury to determine, counsel for appellant cites the following cases in his brief; *Mittelsdorfer v. West Jersey, &c., Railroad Co.,* 77 *N. J. L.* 698; 73 *Atl. Rep.* 538; *Tobish v. Cohen, supra; Schroeder et al. v. Public Service Railway Co.,* 118

*Atl. Rep.* 337 (not reported in the State Reports) ; *Wassmer* v. *Public Service Electric and Gas Co., supra,* and *Wilcox* v. *Christian and Missionary Alliance,* 124 *N. J. L.* 527. All of these cases are distinguishable from the present case in that the drivers of the vehicles involved were either themselves held to be guilty of contributory negligence or were not parties to the action. There is nothing in the cases cited by appellant which is in conflict with the principle of law laid down by the trial court in his charge to the jury; nor do any of the above cited cases require the submission to the jury of the question of contributory negligence of passengers in a vehicle where there is no evidence which could sustain such a finding. Our attention has not been called to a single case wherein a passenger under similar conditions as existed here has been found guilty of contributory negligence and the driver of the vehicle exonerated.

We are of the opinion that there was no evidence in this case either direct or susceptible of proper inference that appellee had done or failed to do anything proximately resulting in his injury, and we conclude, therefore, that the trial court was justified in removing from the jury the right to determine whether or not appellee was guilty of contributory negligence.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, DILL, JJ. 15.

*For reversal*—None.