JULIA COHEN, PLAINTIFF-APPELLANT, v. BOROUGH OF BRADLEY BEACH, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 25, 1946—Decided January 17, 1947.

For the appellant, *Ward & McGinnis* (*Peter J. McGinnis,* of counsel).

For the respondent, *Doherty & Conklin* (*Charles C. Stalter,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff charges negligence on the part of the defendant municipality in the maintenance and operation of a public bath house on the ocean beach, whereby she suffered burns from scalding water while using its facilities for a stipulated fee. The mishap occurred on July 17th, 1944. Plaintiff, who was then seventy-three years of age, testified that as she was leaving a bath tub into which warm salt water had been drawn by an attendant, after having spent a half hour therein, scalding water suddenly gushed in copious quantity from the faucet and inflicted the burns for which compensation is sought. It was a serious injury. Plaintiff was hospitalized for some three weeks; and she was incapacitated thereafter for about three months. It is conceded that the temperature of the water devoted to this use varied between

155° and 170°. At all events, plaintiff was severely scalded—a condition, her attending physician said, that "would occur from sitting in very hot water, boiling hot water, so that the flesh was cooked." The gravamen of the complaint was the operation of the bath house facilities "with poor and defective plumbing and  *  *  *  incompetent servants and agents whose incompetency" was known to defendant, and with "defective" and "corroded water pipes, pipe joints, faucets, washers and bath tubs," and without "proper inspection." Opinion evidence was introduced by appellant tending to show that the breaking of the "stem" in the faucet, due to constant usage as a conduit for salt water of high temperature, was in all likelihood the cause of the sudden gushing forth of the hot water.

A jury was empanelled to try the issue; and there was a verdict for defendant.

Defendant apparently conceded at the trial that the evidence would sustain an inference of negligence on its part; there was no motion either to nonsuit or to direct a verdict in its favor.

It is assigned for error that the learned trial judge, over objection, permitted the introduction in evidence of what purported to be "a history in the hospital record" as to the circumstances of plaintiff's injury. The evidence came in through cross-examination of plaintiff's attending physician. The question and answer follow: "Q. Is it not true, Doctor, that above your signature there is a history in the hospital record that she was burned when she was struggling to turn the faucet on in a clockwise rotary movement? Is that not in the hospital record? Part of that is treatment and part is history? A. That is correct. That is part of the history of the hospital records." But the witness earlier had testified that the "detailed history" was taken by an interne, identified but not called as a witness; that he (the witness) did not "know how it was given," and that plaintiff spoke only "Yiddish," and the interne "did not speak Yiddish." There was uncontradicted evidence that plaintiff did not speak the English language. The writing signed by the physician also contained his diagnosis.

The "history" is plainly hearsay and, since it is not within any of the exceptions to the rule rendering such evidence incompetent and inadmissible for lack of the conventional tests of testimonial trustworthiness, its admission constituted prejudicial error calling for a reversal of the judgment. *State* v. *Shapiro*, 89 *N. J. L.* 319. There is not that circumstantial probability or guarantee of trustworthiness (to invoke the formula of Professor Wigmore) which warrants the reception of such a record as evidence, without the usual test of cross-examination, even under the principle of necessity which forms a well-defined exception to the hearsay rule. A "history" such as we have before us is not admissible under common law principles; and the declaration of a contrary rule on grounds of policy is a legislative rather than a judicial function.

We have read the examination in chief and the cross-examination of the particular witness; and it is obvious that the challenged question was designed, not to test the accuracy of the witness' testimony under direct examination, or otherwise to affect his credibility, but rather to introduce in evidence a "history" that contained admissions against interest allegedly made by plaintiff.

This is made clear by an instruction given to the jury on contributory negligence, at the instance of defendant. The trial judge concluded his charge as follows: "Now, the defendant, the Borough of Bradley Beach, says first that it was not negligent at all, they did everything that a reasonably prudent person would have done about the premises to have them fit for the use for which they were intended. They say, in addition, that Mrs. Cohen was guilty of contributory negligence, that is, that she herself by her own conduct contributed to the happening of the accident. I suppose that could only come with reference to whether or not she turned on this hot-water faucet. If she turned on the hot-water faucet herself and was injured thereby, why, of course, she couldn't recover, because she would then have contributed to the situation which she brought about, and one cannot recover for anything which their own negligent conduct has brought about." This, too, was error.

If defendant was guilty of negligence, and plaintiff also failed to exercise reasonable care for her own safety, and this failure of duty on her part proximately contributed to the injury for which damages are sought, she cannot recover under settled common-law principles. *Butterfield* v. *Forrester,* 11 *East* 60; *Menger* v. *Laur,* 55 *N. J. L.* 205. The defense of contributory negligence necessarily admits, or at least presupposes, negligence on the part of the defendant. The adjective "contributory" implies the existence of primary negligence. There cannot be contributory negligence unless the defendant is also guilty of negligence proximately related in some degree to the injury, which would be actionable but for the concurrence of the contributory negligence. Where actionable negligence is not attributable to defendant, the question of "contributory negligence" is immaterial. In the absence of primary negligence, plaintiff's negligence is not contributory but sole. *Freschi* v. *Mason,* 108 *N. J. L.* 272; *Baltimore and Potomac Railroad Co.* v. *Cumberland,* 176 *U. S.* 232; 20 *S. Ct.* 380; 44 *L. Ed.* 447. Contributory negligence has been termed "a defense which confesses and avoids the plaintiff's cause of action as stated in the complaint." *Watkinds* v. *Southern Pacific Railroad Co.,* 38 *Fed. Rep.* 711.

If, as the challenged instruction assumed, defendant was guilty of negligence within the ambit of the complaint, the question of plaintiff's contributory negligence was, in its most favorable aspect to defendant, the exclusive province of the triers of the facts. It was incumbent upon defendant to use reasonable care in the maintenance and operation of its bath house, *i. e.,* care commensurate with the risk of danger to its invitees; and what plaintiff is thus alleged to have done in the use of the particular facility is not conclusively classable as negligence. *Parsons* v. *Dwightstate Co.,* 301 *Mass.* 324; 17 *N. E. Rep.* (2d) 197; 118 *A. L. R.* 1099.

Since there must be a retrial of the issue in any event, we have no occasion to consider whether plaintiff was prejudiced by the erroneous direction, on the assumption that she "turned on the hot-water faucet herself" and the term "contributory negligence" was not used by the trial judge in the sense of concurrent negligence, but rather of negligence chargeable

to plaintiff as the sole proximate cause of the injury. Yet the question of contributory negligence was introduced by defendant, both in its answer and at the trial; and, even though immaterial on the foregoing hypothesis, it would seem that it tended to confuse the jury and in all likelihood resulted in injury to plaintiff's substantial rights. Of course, if plaintiff turned on the faucet and, because of defendant's negligence in the maintenance and operation of the equipment, scalding water gushed forth in volume sufficient to burn plaintiff, and plaintiff was not thereby guilty of contributory negligence, she would be entitled to the consequent damage; but we do not determine whether, on the evidence adduced, a recovery would be sustainable on that theory.

The judgment is reversed, and a *venire de novo* is awarded; and, since the errors were induced by the action of defendant, costs will be allowed to plaintiff in the exercise of the discretion conferred by *R. S.* 2:27-378; *Vide Lynch* v. *Public Service Railway Co.*, 83 *N. J. L.* 783.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 16.