SAM WILLINS, PLAINTIFF-APPELLANT, v. KURT LUDWIG, DEFENDANT-RESPONDENT.

Submitted May 20, 1947—Decided September 25, 1947.

For the plaintiff-appellant, *Siegler & Siegler* (*Irving Siegler*, of counsel).

For the defendant-respondent, *Cox & Walburg* (*William H. D. Cox*, of counsel).

The opinion of the court was delivered by

BURLING, J. This is an action at law sounding in tort based upon the alleged actionable negligence of the defendant. The ground of appeal is: "because the trial court erroneously entered a judgment of nonsuit at the close of the plaintiff's case on motion of the defendant."

It is well established that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference fairly to be deduced therefrom, but denies their sufficiency in law.

From the stipulation of the defendant-respondent, it appears he held a license to operate a tavern and did so operate one at No. 2 Belmont Avenue, in the Township of Garfield, County of Bergen, New Jersey, on the 15th day of May, 1945, the date of the event hereinafter referred to. From the evidence it appears that the plaintiff-appellant was a shoe salesman, who sold shoes by canvassing from house to house. A customer suggested to him that he call upon Mrs. Ludwig, wife of the defendant-respondent, and as a result of this suggestion, he called at the aforesaid tavern where she was

standing behind the bar and busily engaged. She said to the plaintiff, "Would you do me a favor and come around some other time?" About two weeks thereafter he returned to the tavern, on May 15th, 1945, for the purpose of making a sale of shoes to Mrs. Ludwig. She bought a pair of shoes from him. So far as the testimony shows, the sole purpose of the plaintiff in entering the tavern was to make a sale of shoes to Mrs. Ludwig. After making the sale, the plaintiff said to Mrs. Ludwig: "Mrs. Ludwig, may I go to the men's room?" to which she replied, "Yes."

To use plaintiff-appellant's words, then this occurred: "So I walked back, thinking it was on the right side, and as I walked back she hollers, she said, 'No, it is in the corner; it is in the corner.' Well, I didn't look, I simply walked right on, and opened the corner door, which was dark, and, just about as I put my foot in, the air, you might say, she hollers, 'That is the wrong place.' But it was too late, because I thought I was stepping on a floor, and that I was stepping in the space; and I just went right down about ten feet. It was dark in there, and you couldn't see. As I opened the door, it was dark." He fell down the cellar stairway to the basement and sustained injuries.

At the end of the plaintiff-appellant's case, the motion was made on behalf of the defendant-respondent, Kurt Ludwig, for a nonsuit upon two grounds: First, that there was no evidence of negligence upon the part of the defendant, Kurt Ludwig, and second, that the plaintiff was guilty of contributory negligence as a matter of law. After argument, the motion for nonsuit was granted by Circuit Court Judge J. Wallace Leyden. It is from the judgment following this ruling of the court that the present appeal is taken.

In granting the motion the court stated:

"Now I think the case stands or falls upon the argument of Mr. Cox that he was not in there on the invitation of the owner; he didn't come there to drink; he went there to sell shoes. And the mere fact that the owner of the premises may have passively acquiesced in the use of his premises by his employee for other purposes, does not pose any duty on him."

We think the action of the trial court should be sustained. Where in the trial of an action there were no disputed facts or disputed inferences to be drawn from the undisputed facts, it devolves upon the court to declare the judgment which the law imposes. We believe the action of the trial court was proper for the following reasons:

1—There were no facts to support an express or implied invitation by the defendant-respondent for the plaintiff to be upon the premises to sell shoes to his wife. There was no evidence in this case which would warrant a jury in finding that the defendant, Kurt Ludwig, knew of the visits of the plaintiff to the tavern for the purpose of selling shoes, nor is there any evidence that the defendant had authorized anyone directly or by implication to invite the plaintiff upon the premises for that purpose. The invitation of Mrs. Ludwig to the plaintiff-appellant was not an invitation by the defendant-respondent which would make the plaintiff-appellant an invitee on the premises as far as the defendant-respondent was concerned. The plaintiff-appellant totally failed to prove that he was upon the premises upon the invitation of the defendant-respondent, either given directly by the defendant-respondent, or by any other person authorized by the defendant-respondent to extend such an invitation for the purpose for which he entered.

This being the case, he occupied at the best the status of a licensee to whom the duty was owed by the defendant-respondent to abstain from willful or wanton injury. *Fleckenstein* v. *Great Atlantic and Pacific Tea Co. (Court of Errors and Appeals,* 1917), 91 *N. J. L.* 145 (at *p.* 147); *Sohn* v. *Katz (Court of Errors and Appeals,* 1933), 112 *Id.* 106 (at *p.* 109).

In the annotations in 89 *A. L. R.* 758, it is stated:

"Generally speaking, persons who enter the premises of an employer merely for the purpose of seeing an employee on business unconnected with that of the employer, or for the purpose of paying a social visit to the employee, are at best mere licensees, to whom the employer owes no duty save to refrain from acts of willful and wanton negligence."

There was no evidence in this case which would warrant

a jury in finding that the defendant, Kurt Ludwig, violated that duty.

The plaintiff-appellant leans heavily in his brief on the case of *Waters* v. *Solitare* (*Court of Errors and Appeals,* 1943), 131 *N. J. L.* 212, to support his position that he was an invitee to whom was owing the duty by the owner to exercise ordinary care to render the premises reasonably safe. The case is not controlling as the facts in that care are divergent. The defendant Helene Solitare was the owner of the premises and the operator of a liquor store. The testimony of the plaintiff as to her status emanated from direct relationship with the defendant. The plaintiff, Norma Waters, was expressly requested by the defendant Helene Solitare to purchase some mousetraps from a store and then to return them to the premises of the defendant. Upon her return, she fell in descending the steps from the dwelling portion of the premises into the corner store. There were three questions involved in the case—1, whether she was to be classed as a social guest and thereby occupy the status of a licensee; 2, or whether an invitee; and 3, if so, whether she exceeded the bounds of the invitation in leaving by the store in the premises rather than the household entrance through which she entered. The Court of Errors and Appeals in a divided opinion held the cause should have been submitted to a jury to settle disputed inferences from the facts.

Point 2 raised by the plaintiff-appellant in his brief is as follows:

"Assuming, without admitting, plaintiff exceeded his invitation, defendant still owed him duty of protection against unforeseen danger."

This reason was not urged in opposition to the nonsuit at the trial. He relies upon the case of *Lordi* v. *Spiotta* (*Supreme Court,* 1946), 133 *N. J. L.* 581 (at *p.* 586). The ruling in that case was upon an assumption that the plaintiff was a house guest and that the unknown danger was created by the defendant's active negligence. Under the facts in this case, it is of no avail and this point is without merit.

2—The question of contributory negligence is immaterial in the absence of primary negligence. *Freschi* v. *Mason*

(*Court of Errors and Appeals,* 1931), 108 *N. J. L.* 272 (at p. 276); *Cohen* v. *Bradley Beach* (*Court of Errors and Appeals,* 1946), 135 *Id.* 276 (at *p.* 279). But if we had found there was a duty on the part of the defendant-respondent that had not been properly performed, the judgment should still be affirmed. Plaintiff-appellant was under a duty to exercise that degree of care which an ordinary prudent person would have exercised under the conditions at the time. Common prudence required that in exercising reasonable care, he should have made observation before undertaking to step inside of the door. Under the undisputed facts and as related by the plaintiff-appellant, he would be guilty of contributory negligence, barring a recovery. Where contributory negligence clearly appears conclusively as a fact or by necessary exclusive inference from the plaintiff-appellant's proof a nonsuit is justified. *Ackerly* v. *Pennsylvania Railroad Co.* (*Court of Errors and Appeals,* 1943), 130 *N. J. L.* 292 (at *p.* 299).

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCGEEHAN, MCLEAN, SCHETTINO, JJ. 13.

*For reversal*—HEHER, WACHENFELD, JJ. 2.