EVA KAUFMAN, AS ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE GOODS, CHATTELS, ETC., OF ALEX
KAUFMAN, DECEASED, PLAINTIFF-APPELLANT, v.
THE PENNSYLVANIA RAILROAD COMPANY, A COR-
PORATION OF THE COMMONWEALTH OF PENNSYL-
VANIA, GEORGE E. COX AND SAUL WEIDENFELD,
DEFENDANTS-RESPONDENTS.

Argued April 11, 1949—Decided June 6, 1949.

■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

*Mr. Milton Miller* (*Mr. Julius Cohn,* on the brief) argued the cause for the appellant.

*Mr. John A. Hartpence* (*Mr. John A. Hartpence* and *Mr. James R. Laird, Jr.,* attorneys for the respondent The Pennsylvania Railroad Company, and *Mr. Hervey S. Moore, Jr.,* attorney for the respondent George E. Cox) argued the cause for the respondents The Pennsylvania Railroad Company and George E. Cox.

*Mr. J. Victor Carton* (*Messrs. Durand, Ivins & Carton,* attorneys) of counsel, submitted brief for the respondent Saul Weidenfeld.

The opinion of the court was delivered by

Burling, J. The appellant, who was the plaintiff below, appeals from judgments entered upon verdicts for the defendants returned by a jury in the former Supreme Court. The action was brought by the appellant as administratrix *ad prosequendum* of the estate of Alex Kaufman, deceased, against Saul Weidenfeld, operator of the motor vehicle in which plaintiff's decedent was riding at the time of his death and against the Pennsylvania Railroad Company, the operator and George .E. Cox, the engineer of a railroad engine with which Weidenfeld's vehicle collided.

A resume of the evidence is expedient.

The appellant's decedent was riding on the rear seat of a passenger sedan driven by the defendant Weidenfeld, whose wife was also riding on the rear seat. No one occupied the right front seat. The relative positions of the passengers on the rear seat do not expressly appear: Weidenfeld testified that he and his wife had inspected some real property which he contemplated purchasing and that he invited Kaufman to come along and give him the benefit of advice. On the day of the event, which was clear and sunny, at approximately 2:30 o'clock in the afternoon, Weidenfeld was driving the vehicle in a westerly direction along the Farmingdale-Adelphia Road in Monmouth County. The car approached a grade crossing of the defendant railroad company's right of way at a speed of approximately 25 to 30 miles per hour. At this crossing the tracks intersected the road at an angle which from the direction from which Weidenfeld's vehicle approached was an obtuse one, the tracks running from northwest to southeast. The crossing was guarded with two sets of flashing red warning lights, each set containing dual lights facing in each direction along the highway and in addition was surmounted by a crossing sign of the crossbuck type, *R. S.* 39:4–183.22; the one to Weidenfeld's right as he approached being located at the side of the road 4.6 feet east of the tracks. In addition to the lights there was a warning sign located 453 feet east of the crossing on the northerly side of the road, of the type referred to in *R. S.* 39:4–183.21. The

terrain was level and there were no cuts in the right of way to the northeast.

As Weidenfeld's vehicle approached the crossing the engine and tender of the defendant railroad company were moving toward it from the northwest, that is, from his right-hand side. Both the engineer Cox and the fireman testified that the engine was traveling in reverse so that it was preceded by its tender and that they were approaching the crossing at a speed of 25 to 30 miles per hour and that in compliance with the mandate of *R. S.* 48:12–57, the whistle was blown and the bell rung continuously from a point 300 yards from the crossing until after the crossing was passed. Their testimony in this respect was corroborated by that of others present at ,or near the scene who it was alleged had opportunity to see and hear. Weidenfeld testified that the warning lights were not working and that he heard neither the whistle nor the bell on the locomotive. He testified that upon approaching the crossing there was no impairment of his vision by trees or shrubbery or otherwise between himself and the locomotive; that he saw the locomotive when he was 200 feet from the crossing and judged it to be about 300 feet therefrom but that he assumed that it was moving away from him; that he heard nothing from the passengers on the rear seat either in the form of statements, conversations or movements, as the automobile was proceeding toward the crossing.

Upon entering the crossing the car was struck in the center of its right side by the tender and carried sidewise astride the tracks for a distance of approximately 300 feet from the road to a point where the engine stopped. Weidenfeld was knocked unconscious and remained behind the steering wheel. His wife and Kaufman were dead when the train crew came to their assistance after the crash.

The question of primary negligence as to all defendants was in dispute.

The statement of questions involved pertain to the alleged contributory negligence of the decedent. They arise out of the charge of the court. A quotation of request No. 8 of the defendants Pennsylvania Railroad Company and George E. Cox which was granted and charged, will serve to illustrate

the principles which the trial court deemed controlling. These principles guided the remaining actions of the court complained of. Said request reads as follows:

"No. 8. It was the duty of Alex Kaufman, the decedent, to look and listen for approaching trains at points and places where it would be effective as the automobile in which he was riding approached the railroad tracks and, if necessary in order to be safe, to call upon the driver to stop before going over, upon and across the same, and if he failed to do that then he was guilty of contributory negligence and such negligence will prevent his administratrix *ad prosequendum*, the plaintiff in this suit, from recovering against the defendants the Pennsylvania Railroad Company and George E. Cox."

Assuming there existed facts for the submission to the jury of the failure to exercise reasonable care by the driver, still one who while riding in the private conveyance of another is injured by the negligence of a third party, may recover against the latter, notwithstanding that the negligence of the driver of the conveyance, in driving his vehicle, contributes to the injury, where the person injured is without fault and has no authority over the driver. *Mittelsdorfer v. West Jersey & Seashore R. R. Co.,* 77 *N. J. L.* 698, 700 (*E. & A.* 1909).

The general rule, which was recognized by the court, is that a passenger in a vehicle is bound to exercise such care for his own safety as the exigencies of the situation require. *Mittelsdorfer v. West Jersey & Seashore R. R. Co., supra; Tobish v. Cohen,* 110 *N. J. L.* 296 (*E. & A.* 1933); *Gifford v. Penna. R. R. Co.,* 119 *N. J. L.* 397 (*E. & A.* 1938); *Falicki v. Camden County Beverage Co.,* 131 *N. J. L.* 590 (*E. & A.* 1944).

This general statement was explicated in the concurring opinion of Mr. Justice Heher in *Wassmer v. Public Service Electric & Gas Co.,* 122 *N. J. L.* 367, 375 (*E. & A.* 1939), and we paraphrase his language, as we think it is appropriate: The duty of an invitee to warn the driver is only of a known and·appreciated peril if a reasonably prudent person would have given such warning under the same or similar circumstances, and the risk could thereby have been averted.

To preclude the plaintiff from maintaining the action his conduct must have been negligent, and his negligence

must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the act of the defendant. Contibutory negligence is an affirmative defense and the plaintiff is not required to prove its absence as a part of his case. This placed upon the defendants the burden of showing that the peril was known and appreciated by the decedent so that the jury might determine whether as a reasonably prudent person a warning should have been given and it would have averted the risk. This burden they failed to meet. No evidence of decedent's physical status or of appreciation of peril was presented.

■ ■ Where in the trial of an action there were no disputed facts or disputed inferences to be drawn from the undisputed facts, it devolves upon the court to declare the judgment which the law imposes. *Willins v. Ludwig,* 136 *N. J. L.* 208 (*E. & A.* 1947). Where an absence of contributory negligence clearly and conclusively appears as a fact or by necessary conclusive inference from an undisputed fact, there is no warrant for the submission of that question to the jury for its determination.

■ In the posture of the evidence it was error to present the question of contributory negligence of the decedent to the jury in relation to the causes of action of the plaintiff against all of the defendants as it conclusively and clearly appeared not to exist.

In view of this disposition of the case, and the holding that the question of contributory negligence of the invitee was a court question- which should not have been submitted to the jury, disposition of the remaining objections to action of the trial court in refusing requests to charge submitted by the appellant and objection to the charge of the modified language thereof, becomes unnecessary and moot.

The judgments of the former Supreme Court are reversed and a new trial is granted.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For affirmance*—None.