27 N.J. Super. 444 (1953)
99 A.2d 517
GRACE M. LEHMAN AND WILLIAM A. LEHMAN, PLAINTIFFS-APPELLANTS,
v.
GEORGIA ANDERSON AND ELVIRA BOYD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 24, 1953.
Decided September 30, 1953.
*445 Before Judges FREUND, McLEAN and SCHETTINO.
Mr. Sidney M. Schreiber argued the cause for plaintiffs-appellants (Messrs. McKeown, Schreiber, Lancaster and Demos, attorneys; Mr. Roger F. Lancaster on the brief).
Mr. Raymond L. Cunneen argued the cause for defendants-respondents.
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
Plaintiffs, Grace M. Lehman and William A. Lehman, her husband, appeal from a judgment for defendants entered upon a jury's verdict. Mrs. Lehman was a passenger for hire in a taxicab owned by defendant Georgia Anderson, and operated by defendant Elvira Boyd. The sole question is whether it was error to leave the issue of contributory negligence to the jury.
Mrs. Lehman testified that she was thrown to the floor of the vehicle when defendant driver stopped suddenly to avoid colliding with another automobile. There was no physical contact between the cars.
The versions of plaintiff passenger and defendant driver may be briefly stated. Mrs. Lehman, age 58, with no driving experience, testified that defendant Elvira Boyd was driving along Walnut Avenue, Cranford, N.J. at a "nominal" speed of 35 miles an hour, approaching a "Y" intersection with Blake Avenue; that as the taxicab neared the intersection *446 defendant driver started to bear left of the midline of Walnut Avenue to turn left into Blake Avenue; that at that point plaintiff Mrs. Lehman saw a car coming out of Blake Avenue 35 to 40 feet away; that she became "scared" and "I was just going to tell her to look out when she made a sudden stop, and I was thrown from my seat."
Defendant Elvira Boyd testified that she was proceeding at 20 to 25 miles per hour as she approached what she described as "a busy intersection"; that she looked down Blake Avenue and saw some parked cars, but none moving; that as she turned into Blake Avenue she saw a car four to five feet away, pulling out from the curb or from Blake Avenue, apparently to turn into Walnut; that to avoid a collision she stopped "suddenly," within "about 2 inches" which distance she described as figurative.
Nothing in defendant's, Elvira Boyd's, version of the occurrence could support the conclusion that plaintiff passenger was guilty of contributory negligence. Defendants do not so suggest, but rather contend plaintiff's testimony supplies sufficient evidence. We think not. Plaintiff passenger testified she observed a danger and as she was about to exclaim the brakes were applied. There is no basis for an inference that any action by her would have altered the event.
It is, of course, true that a passenger has a duty to exercise due care for his own safety. The area of controversy lies, not in this abstract proposition, but rather in its application to varying situations. The most recent expression of our Supreme Court, in Kaufman v. Pennsylvania R. Co., 2 N.J. 318, 323 (1949), was as follows:
"The duty of an invitee to warn the driver is only of a known and appreciated peril if a reasonably prudent person would have given such warning under the same or similar circumstances, and the risk could thereby have been averted."
The court held it was error to leave the issue of contributory negligence to the jury where there was no proof that the passenger knew and appreciated the peril.
We take it that at least in the absence of extraordinary circumstances a passenger may rely upon the driver to *447 observe the ordinary hazards of travel. Surely that is true of a passenger in a public conveyance. A duty to warn may arise where the passenger observes a peril, but that duty does not arise simply because the passenger observes the ordinary hazards which are equally observable by the driver. The duty arises when circumstances indicate to the passenger that the driver has not in fact noticed the hazard. A concept which would require a passenger actively to look and advise and thus participate in the operation of a vehicle would lead to confusion and multiply the normal dangers of operation. Cf. Falicki v. Camden Beverage Co., 131 N.J.L. 590 (E. & A. 1944).
There is nothing in plaintiff-passenger's testimony to indicate she was conscious of a failure of defendant driver to observe the other vehicle. She testified that she was about to exclaim when the brakes were applied. Hence defendant-driver was equally aware. And, further, the same testimony affords no room for a finding that the alleged neglect of plaintiff Mrs. Lehman was a proximate cause of the injury. A warning would have induced the same sudden stop which both passenger and driver agree did occur.
Defendants also urge contributory negligence may be found in plaintiff's testimony that defendant driver veered to left of center in making or anticipating the turn. Defendant Elvira Boyd must have been aware of that movement. We fail to see what would be gained by a protest against a momentary detail of driving or how a protest could have been of any utility. If anything, it would have distracted defendant-driver at a juncture where distraction could itself add to the danger.
We conclude there was no evidence from which contributory negligence could be inferred and therefore it was error to leave such issue to the jury. The judgment is reversed and a new trial ordered.
McLEAN, J.S.C. (temporarily assigned) (dissenting).
This appeal suggests error in submitting the question of contributory negligence to the jury.
*448 Conceding that it was error, where there is no proof of actionable negligence for which the defendant can lawfully be held responsible the question of the existence of contributory negligence is immaterial. Freschi v. Mason, 108 N.J.L. 272 (E. & A. 1931); Cohen v. Borough of Bradley Beach, 135 N.J.L. 276 (E. & A. 1947).
An examination of the record does not disclose any evidence of actionable negligence on the part of the defendants. The trial court might well have entered a judgment of involuntary dismissal for lack of evidence of defendant's liability, disregarding the defense of contributory negligence. Douglas v. Central R. Co. of N.J., 97 A.2d 684 (App. Div. 1953). Instead, he submitted the question to the jury with appropriate instructions, in the course of which he said: "I see nothing in the case that would justify you in finding any contributory negligence on behalf of the passenger." The jury found for the defendant. The end result was the same and plaintiff was not prejudiced thereby.
I would affirm the judgment.