163 So.2d 3 (1964)
Ralph BLACK and Winifred G. Black, his wife, d/b/a Holiday Court, Appellants,
v.
Ralph F. HEININGER, Appellee.
No. 3975.
District Court of Appeal of Florida. Second District.
April 22, 1964.
*4 Fee, Parker & Neill, Ft. Pierce, for appellants.
Rupert Jasen Smith and O'Laughlin & O'Laughlin, Ft. Pierce, for appellee.
WHITE, Judge.
The defendants appeal a final judgment on a jury verdict awarding the plaintiff damages in the sum of $5,000.00. The plaintiff suffered severe burns while taking a tub shower in the room he and his wife were occupying at the defendants' motel. He alleged that the defendants negligently allowed the water to get too hot, negligently failed to maintain the water spigots in proper condition, and negligently failed to provide operable sliding doors to the shower.
It appears from the record that the plaintiff turned on the hot and cold water in the shower and regulated it to his liking. The fixture was the kind that requires the bather to regulate the water by turning on the spigots, running water through a bibcock into the tub and then lifting a plunger to direct the water up and through the showerhead. The plaintiff followed this procedure. As he finished bathing he proceeded to turn the water off. The cold water turned off but the hot water faucet "froze," showering him with steaming hot spray. In his effort to get out of the tub he temporarily trapped himself, finding difficulty in manipulating the sliding doors *5 during the sudden emergency. When he finally extricated himself he had been severely burned by the scalding water. The plaintiff's wife testified that she had difficulty in turning off the spigot and had to bang on it with her shoe before the valve closed.
The defendants' motion to dismiss the complaint was denied. After the plaintiff presented his case, the defendants moved for directed verdict. This motion was denied as was also the renewed motion at the close of all the evidence. The defendants testified that the room was constructed in 1957; that they had no previous complaints; and that they found the shower in proper working order after being informed of plaintiff's injury. The record does not indicate whether defendants permitted the hot water to run for any particular length of time before testing it. The defendants testified that no repairs had been made and no complaints had been registered since the incident in question although the room was rented. Similar testimony was given by the defendants' maid.
The defendants contend on appeal that the complaint did not state a cause of action and that, moreover, the plaintiff palpably failed to prove his case as alleged inasmuch as there was no evidence to show that the defendants actually knew or reasonably should have known of the "latent" or "concealed" defects or the alleged malfunctioning of the shower mechanism. In this connection, as previously indicated, the defendants adduced evidence to show that the shower fixture and the sliding door were in proper working order immediately after the plaintiff's mishap. The defendants also submit that the trial court erred in refusing to give to the jury two instructions requested by the defendants.
The points on appeal will be discussed seriatim. The initial question is whether or not it was error to deny the defendants' motion to dismiss the complaint for failure to state a cause of action, and in this particular the authorities cited to us and those collated in our own research convince us that the trial court ruled correctly. The essential factual allegations are included in the following paragraphs of the complaint:
"4. On the morning of March 3, 1960, at approximately 8:00 A.M., the Plaintiff attempted to take a shower in the bath provided by the Defendants. After the Plaintiff regulated the temperature of the water with due care and when the temperature of the water was not unduly hot, he began to take a shower and suddenly the water coming from the shower was hot to the point that it began to severely burn the Plaintiff, and he was unable to turn off the water faucets. The Plaintiff immediately attempted to get out of the bath tub which had sliding glass doors, but was unable to get the doors open because they were stuck. After yelling for his wife to come to his aid, he and she were able to get the door open and his wife pulled him from the shower.
"5. The Plaintiff was required to seek medical attention for the severe burns he received as a result of said accident.
"6. The Defendants were negligent in not maintaining proper bathing facilities for their guests in that the water temperature was either allowed to become too hot, or that the hot and cold water regulators were not properly cared for and they became inoperative due to lack of attention by the Defendants, or the sliding glass doors enclosing the shower area were not properly maintained due to the negligence of the Defendants, which prevented the Plaintiff from safely escaping the boiling hot water.
"7. The Plaintiff had no warning that said water was too hot or that said regulators would become inoperative and said negligence of the Defendants *6 was the sole and proximate cause of the accident."
Although it is elementary that innkeepers are not insurers of the safety of their guests, the quoted allegations of the instant complaint are sufficient to invoke consideration of the question of whether or not the defendants were in fact negligent. For example, the complaint contains allegations indicating excessive temperature of the hot water and that the source and the regulation of the temperature of the hot water were basically within the control of the defendants. If the defendants were negligent in permitting the water to become dangerously overheated or if they otherwise failed to exercise reasonable care in inspecting and maintaining the shower facilities with respect to discoverable defects or malfunctions of the mechanism, such remissness conceivably could constitute causative negligence depending upon the evidence; and there is respectable authority for the proposition that the furnishing of water overheated to the point that it constitutes a hazard to guests tends to show negligence. See and compare Parsons v. Dwight State Co., 1938, 301 Mass. 324, 17 N.E.2d 197, 118 A.L.R. 1099; Brooks v. Utah Hotel Co., 1945, 108 Utah 220, 159 P.2d 127; Nichols v. Nashville Housing Authority, 1949, 187 Tenn. 683, 216 S.W.2d 694; Cohen v. Borough of Bradley Beach, 1947, 135 N.J.L. 276, 50 A.2d 882; Campbell v. Hagen-Burger, 1951, 327 Mass. 159, 97 N.E.2d 409; Dahlgren v. Coe, 1942, 311 Mass. 18, 40 N.E.2d 5; Wallace v. Speier, 1943, 60 Cal. App.2d 387, 140 P.2d 900; Young v. Knickerbocker Hotel Co., 1948, 334 Ill. App. 80, 78 N.E.2d 326; Adams v. Dow Hotel, 1938, 25 Cal. App.2d 51, 76 P.2d 210; 18 A.L.R.2d 973 and cases cited therein. cf. Miller v. Shull, Fla. 1950, 48 So.2d 521, 522; 29 Am. Jur., Innkeepers, § 67.
The defendants' second point concerns the denial of their motions for directed verdict. Although no one was obtested to establish the alleged defects and maladjustment except the plaintiff and his wife, their testimony presented a tenable inference of negligence; and the evidence as a whole was sufficient to invoke consideration of whether or not the defendants reasonably performed their undoubted duty to maintain the rented premises and facilities. This evidence, though limited as indicated, tended to show a defective hot water spigot and that the water therefrom ejected partly in spurts of scalding steam; that the defendants made no inspection, whereas it might be inferred that reasonable inspection would have revealed the defective condition in time to forestall the injury to the plaintiff. Unless the evidence as a whole with all reasonable inferences points to but one possible conclusion, the trial court is not warranted in withholding the case from the jury. Cash v. Gates, Fla.App. 1963, 151 So.2d 838; Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658.
The defendants assert an appeal that (1) they clearly had no prior knowledge of any dangerous defect; (2) the plaintiff failed to establish an actual defect which was known or should have been known or obvious to the defendants; and (3) although they had the duty to maintain the facilities, their failure to inspect did not create liability unless the inspection, if made, would have disclosed the particular defect which allegedly caused plaintiff's injury. In support of these propositions the defendants cite Brookshire v. Florida Bendix Co., Fla.App. 1963, 153 So.2d 55; Hunter v. Hotel Sylvania Company, 1943, 153 Pa.Super. 591, 34 A.2d 816. It is not clear from the record whether defendant's inspection subsequent to plaintiff's injury was made under similar conditions, viz.: after hot water had been turned on for an extended period of time whereby the prolonged running of the water may have incited the valve to freeze. Generally questions concerning whether a proper inspection, if made, would have revealed alleged defects are considered genuine triable issues. See Pierson v. Seale, Fla.App. 1961, 128 So.2d 887 and cases therein cited.
*7 The defendants might have been found negligent in furnishing water overheated to the point that it constituted a hazard to unwarned invitees. Although they denied furnishing water too hot for safe use, the evidence was subject to conflicting inferences. Defendant Black testified that he did not know how hot the water gets that served the particular shower but that the hot water heater has three temperature settings and that he set it on normal. Plaintiff testified:
"Q. When the water came out and you turned off the cold water and the water came out, the hot water came out, how did it come out?
"A. In spurts, partly steam, partly hot water. It gushed." (emphasis added)
Countering this inference, defendants assert that plaintiff had prior knowledge that the water was hot and that hot water burns  thus supporting the affirmative defense of contributory negligence. This issue was properly submitted to the jury. Where the line of liability is finely drawn, as in cases such as this, the position of the court is commensurately delicate and the court should act with great caution and practical certainty before directing verdict. The granting of such motion implicitly holds that one side of the case is essentially devoid of probative evidence. cf. Sandford v. Firestone Tire and Rubber Co., Fla.App. 1962, 139 So.2d 916; Deese v. White Belt Dairy Farms, Inc., Fla.App. 1964, 160 So.2d 543.
Defendants' third and last point on appeal charges that the trial court erred in refusing to give two of their requested instructions.[1] Under any outcome of the case it would not have been error to give an instruction specifically expounding the concept set forth in the rejected instructions; but from our examination of all the given instructions and the reported arguments of counsel, it appears that the point in question was sufficiently covered though not pointedly stressed by the trial court.
The jury was adequately instructed on every essential aspect of the case. The duty of innkeepers to business invitees was defined in terms denoting the necessity for proof of negligence as a condition precedent to liability. The definitions and implications of negligence and contributory negligence were stated correctly, as were the definitions and significance of proximate cause and the burden of proof; and it was pointed out that the mere occurrence of plaintiff's injuries was not of itself evidence of negligence on the part of the defendants. The instructions, in short, were formally and substantially correct, comprehensive and understandable. The plaintiff's case was by no means overpowering, but a reviewing court may not substitute its judgment on issues of fact as found by the jury unless such findings are manifestly unreasonable and contrary *8 to the weight of the evidence. Willis v. Clark, Fla.App. 1961, 135 So.2d 260. On the record before us we cannot say that the jury could not have reached the verdict that it rendered.
Affirmed.
SMITH, C.J., and KANNER (Ret.), J., concur.
NOTES
[1] "I charge you further that before the defendants can be held guilty of negligence because of an alleged defective condition such as that alleged in plaintiff's Complaint, it is necessary that the plaintiff prove to your satisfaction by a fair preponderance of the evidence that the defendants, or either of them, knew or in exercise of due care should have known, of the existence of such defect prior to the injury to Mr. Heininger and for a sufficient length of time for the defendants, or either of them, to have remedied the same."

"The Court instructs you that if you find and believe from the evidence that the defendants did not have actual knowledge of the alleged defects complained of in the Complaint, and if you further find and believe from the evidence that the alleged defects had not existed for a sufficient length of time to put the defendants on constructive knowledge of its existence, then the plaintiff is not entitled to recover. By `constructive knowledge' is meant that the defects had existed for such a length of time as the defendants ought to have known about the condition whether they did or not."