PER CURIAM.
In action on a contract the jury brought in a defendants’ verdict on which judgment was entered. The plaintiff appeals. The prime point concerns whether or not the court erred in failing to grant a directed verdict for the plaintiff. The defendant urges that the issues were properly submitted to the jury. We affirm.
The plaintiff sought recovery against the defendant carrier for money damages concerning two shipments of tomatoes which allegedly arrived in ripe, or overripe condition causing them to be refused by the consignee. The tomatoes which were supposed to have been delivered in “pink” condition were, however, purchased by the consignee, at lower than contract price.
Basically, plaintiff claimed that the perishables were shipped in satisfactory condition and that the overripening was due to the carrier’s delay and failure to maintain 47-48° temperatures in the cars as stipulated by the bill of lading. The carrier maintained, inter alia, that the change in the condition of the tomatoes was due to the inherent tendency of the perishable commodity and that plaintiff’s directions and thermometer settings were ill conceived, arguing that the directions should have required lower temperatures due to the condition of the tomatoes prior to shipment.
*94 A trial court should act with great caution and practical certainty before directing a verdict since the granting of the motion holds that one side of the case is essentially devoid of probative evidence. Black v. Heininger, Fla.App.1964, 163 So.2d 3, 7. No good purpose would be served by detailing the testimony. Suffice it to say that our scrutiny of the record discloses sufficient evidentiary conflicts for submission to the jury.
It is unnecessary to discuss defendant’s cross-assignment error.
Affirmed.
SHANNON, Acting C. J., WHITE, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.