ERVIN, Judge.
This is an appeal from a jury verdict in favor of the defendants below, owners of the Lion Motel in St. Johns County. XYO Quip, Inc. argues error in failing to direct a verdict in its favor and we agree.
*1077 XYO Quip, Inc. is a large Ohio leasing firm. Along with its sister company, XYO Med, Inc., XYO Quip rents anything from airplanes to color televisions to medical equipment.
Employees of H. & R. Leasing, Inc., a Florida corporation, contacted the motel owners concerning the lease of color televisions for their business. The motel owners agreed, and a lease was entered into with XYO Quip as lessor. The supplier of the equipment was H. & R. Service. The lease provided for 60 monthly rental payments of $141.96 to XYO Quip, Inc., and the terms provided, “lessee, at its expense shall keep the equipment in good repair and furnish all parts, mechanisms and devices required therefore.” A separate service agreement was entered into with H. & R. Service. Servicing and theft insurance would be provided for 60 months on the 21 televisions for a total of $44.10 per month. It is clear the motel owners dealt only with H. & R. Leasing, and H. & R. Service was to supply the televisions, theft insurance and service. XYO Quip, Inc. only financed the purchase of the television sets. There was no evidence at trial concerning the relationship between H. & R. Leasing, H. & R. Service and XYO Quip.
After eight months, when the motel owners had failed to receive any servicing of the televisions, they refused to make any further payments to XYO Quip, Inc. Lawrence Bischoff, credit officer for XYO Quip, testified the motel owners made demand upon him for service. On behalf of XYO Quip, he attempted to secure other service arrangements, but testified he was unable to do so. The motel owners then tendered their television sets to Bischoff in return for a complete release. This was declined.
The motel owners made no payments on the contract after August 20, 1974 and are still in possession of the television sets. As provided for in the leasing agreement, XYO Quip accelerated the payments and declared the lease in default. Suit was then filed for the remaining $7,216.90 due on the contract.
The motel owners filed a third party complaint against H. & R. Leasing and default was entered when no appearance was made. The motel owners further defended by making a general denial to the complaint and raised by counterclaim and affirmative defenses, in part, an agency relationship between H. & R. Leasing and XYO Quip. This allegation was struck by the trial judge. Therefore the only issues before the jury were the existence of the contract, the breach by the motel owners and subsequent damages to the lessor XYO Quip.
At trial, the above facts were undisputed. Clearly, from such evidence and any reasonable inferences, the jury could not lawfully have returned the verdict for the motel owners. Morgan v. Collier County Motors, Inc., 193 So.2d 35 (Fla.App.1966); Smith v. Peninsular Insurance Company, 181 So.2d 212 (Fla. 1st DCA 1965).
The motel owners argue, through their counsel, on appeal there was a fact issue in dispute — the question of whether the contract was entered into between XYO Quip, Inc. and the motel owners. The lease reads, “lessor is XYO Quip, Inc. or XYO Med, Inc.” According to the owners, the identity of the lessor was a material issue of fact that could only be determined by the jury. The argument is without substance. Lawrence Bischoff testified he was an officer of XYO Quip and that the lease agreement was between the Lion Motel and XYO Quip, Inc. Further, the lease states, “lessor is XYO Quip, Inc. or XYO Med, Inc. as determined by Lessor.” No evidence was introduced that XYO Quip, Inc. was not the proper party to the suit. This is not a material disputed issue requiring submission to a jury. Black v. Heininger, 163 So.2d 3 (Fla. 2nd DCA 1964).
The allegations of agency between H. & R. Leasing and XYO Quip, Inc. having been struck from the motel owners’ pleadings, that question could not have been before the jury. Since the correctness of the order striking those defenses is not before this court on cross-appeal, and has not been argued or briefed, we may not consider any agency relationship between the companies.
Having determined the trial judge’s denial of the motion for directed verdict was *1078 error, we reverse and remand for entry of judgment for XYO Quip, Inc. in the amount of $7,260.90 plus costs and interest.
MILLS, J., concurs.
BOYER, C. J., dissenting.